**THE CITY OF MIAMI, et al., v. DAVID LITHGOW**

12 So. (2nd) 380
February 19, 1943
Rehearing Denied March 25, 1943

January Term, 1943
Division A

*J. W. Watson, Jr.,* and *Franklin Parson,* for appellants.
*David Lithgow,* in pro. per. for appellee.

TERRELL, J.:

Appellee was licensed as a mortician, funeral director, and embalmer under the laws of Florida. As a part of his business, he installed and operated a crematory which the City of Miami demanded that he refrain from operating because he was not in an area where crematories were permitted by the zoning ordinances. He brought this suit to restrain the City from interfering with him in the operation of his crematory. On final hearing, decree was in his favor and the City appealed.

The sole question is whether or not appellee was authorized to operate a crematory in connection with his mortuary at the location in question.

The facts in the case are not in dispute. It is admitted that appellee was regularly licensed to operate a mortuary, that his mortuary was located in a zone where they were permitted, that the ordinances of the City did not prohibit the operation of a cremator in connection with a mortuary at the time appellee installed his, that he operated it more than six months before the City passed an ordinance limiting the operation of crematories to the cemeteries.

The City relies on the fact of its ordinance limiting crematories to the cemeteries and the further fact that the zoning ordinances permitted mortuaries but were silent on the question of crematories. Appellee relies on the fact that his mortuary and cremator were built according to plans and specifications approved by the City and that the City raised no objection until his business had been in operation for more than six months.

It appears from the record that appellee's business in so far as questioned, was limited to the operation of a cremator as opposed to a crematory. It seems that in the terminology of the guild, a cremator does nothing more than reduce the body to ashes and turn them over to the claimant while a crematory embraces both the cremator and the columbarium, the latter being a vault containing recesses or niches for permanent deposit of the ashes. An extended search reveals very few cases treating this question and so far as we have been able to find, this is the first case dealing with the right of an undertaker to operate a cremator in connection with his mortuary.

After hearing a volume of testimony on issues presented, the chancellor found for the complainant. Certain property owners near the mortuary were permitted to intervene on the theory that the cremator detracted from the value of their property because of the offensive odors emanating from it, but the chancellor found that they failed to carry the burden imposed on them of proving the issue so made. His decree finds ample support in the record and is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.

12 So. (2nd) 112                    January Term, 1943
February 19, 1943                    Division B